IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JOHN HEILMAN,

    Plaintiff,            No. CIV S-11-0042 JAM EFB P

    vs.

C. CHERNISS, et al.,

    Defendants.          FINDINGS AND RECOMMENDATIONS

                          /

      Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. Defendants Cherniss, Lesane and Forncrook ("defendants") move to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g) and dismiss this action. Dckt. No. 17 ("Defs.' Mot."). For the following reasons, the court recommends that defendants' motion be denied.

      Defendants request that plaintiff's in forma pauperis status be revoked because plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim, and does not claim he is under imminent danger of immediate physical injury. Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was


dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Pursuant to § 1915(g) a prisoner with three "strikes," meaning prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed as frivolous, malicious, or for failure to state a claim, cannot proceed in forma pauperis. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). Defendants bear the initial burden of producing documentary evidence that allows the court to conclude that the plaintiff has suffered three strikes. *Id.* at 1120 (because docket records will not always reflect the basis for the dismissal, defendants "must produce court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was 'frivolous, malicious or failed to state a claim.'"). If defendants meet this burden, the burden then shifts to the prisoner plaintiff, who must either explain why a prior dismissal should not count as a strike or show that he satisfies the "imminent danger of serious physical injury" exception to § 1915(g). *See id.* As discussed below, defendants fail to carry their burden of producing evidence allowing the court to conclude that plaintiff has suffered three strikes.

Defendants point to three orders of dismissal that they contend count as strikes under 28 U.S.C. § 1915(g).[1] One of the three orders is an October 23, 2009 order dismissing an action filed by plaintiff pursuant to plaintiff's notice of voluntary dismissal. Defs.' Mot., Mem. of P. & A. in Supp. Thereof at 4, Ex. D (*Heilman v. Fry*, Case No. 2:08-cv-2478-JLQ (E.D. Cal.)). As noted, a plaintiff suffers a strike when an "action or appeal," brought by that plaintiff while "incarcerated or detained," is dismissed as frivolous, malicious, or for failure to state a claim. 28

---

[1] The court hereby takes judicial notice of the court records submitted with defendants' motion. *See* Fed. R. Evid. 201(b) (allowing a court to take judicial notice of a fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *see also MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1 U.S.C. § 1915(g).  Nothing on the face of the notice of voluntary dismissal or the order of
2 dismissal indicates that the action was frivolous, malicious, or failed to stated a claim and
3 defendants fail to otherwise demonstrate that the October 23, 2009 order qualifies as a strike for
4 purposes of § 1915(g).  Because defendants have failed to demonstrate that the one of the three
5 orders they rely on counts as a strike, they have not demonstrated that plaintiff has suffered three
6 strikes pursuant to § 1915(g).  The court need not decide whether the remaining two orders
7 produced by defendants qualify as strikes.  *See* Defs.' Mot., Mem. of P. & A. in Supp. Thereof at
8 4, Exs. A-C.

9    Accordingly, IT IS HEREBY RECOMMENDED that defendants' September 29, 2011
10 motion to revoke plaintiff's in forma pauperis status and dismiss this action be denied.

11    These findings and recommendations are submitted to the United States District Judge
12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
13 after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
16 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
17 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
18 Dated:  December 20, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE