IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JOHN HEILMAN,

     Plaintiff,                          No. CIV S-11-0042 JAM EFB P

    vs.

C. CHERNIS, et al.,

     Defendants.          ORDER

_____/

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  This order addresses plaintiff's requests for (1) appointment of counsel, (2) modification of the discovery and scheduling order, and (3) service of a subpoena duces tecum.

**I.    Appointment of Counsel**

     Plaintiff requests that the court appoint counsel.  Dckt. No. 31.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to

articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

**II.    Modification of the Discovery and Scheduling Order**

On March 22, 2012, the court issued a discovery and scheduling order. Dckt. No. 29. It set July 6, 2012 as the close of discovery and required that all requests for discovery be served by May 7, 2012. *Id.* On April 9, 2012, plaintiff requested a 30-day extension of time to serve discovery requests because some of his legal materials had been confiscated. Dckt. No. 33. Defendants opposed the request, and plaintiff filed a reply. Dckt. Nos. 34, 35. A scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff does not explain what efforts he has made, if any, toward drafting his requests for discovery or how the lack of access to some of his legal property has interfered with his ability to draft his discovery requests. Plaintiff's request to modify the scheduling order is denied.

**III.   Subpoena Duces Tecum**

On April 23, 2012, plaintiff requested that the U.S. Marshal serve a subpoena duces tecum to obtain documents from the California Department of Corrections and Rehabilitation. Dckt. No. 36. Plaintiff's request is accompanied by a list of 36 categories of requested documents. Defendants oppose the request, contending that plaintiff improperly seeks to circumvent the discovery process by seeking irrelevant and possibly privileged personnel records of defendants through their employer. Dckt. No. 38. Defendants also note that plaintiff has previously been instructed about the limitations of subpoenas under Federal Rule of Civil Procedure 45. *See Heilman v. Lyons*, Case No. 2:09-cv-2721 KJN, December 10, 2010 Order, Dckt. No. 19.

///

Plaintiff may seek documentary evidence from third parties via the issuance of a subpoena duces tecum. Fed. R. Civ. P. 45(a)(1). However, if plaintiff seeks to have a subpoena served by the United States Marshal, he must provide the court with a subpoena duces tecum from this court. 28 U.S.C. §1915(d). Here, plaintiff has not provided a completed subpoena for service, but rather, only a list of requested documents. Moreover, the court issuing a subpoena must ensure that the party serving it takes "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. (c)(1). Mindful of this duty, the court notes that plaintiff's request does not show that he is seeking only relevant documents through a subpoena, or that the documents he seeks are unavailable to him and not obtainable from defendants through discovery. *See Lopez v. Schwarzenegger*, Case No. S-09-cv-1760 MCE GGH, 2012 U.S. Dist. LEXIS 2957, at *21-22 (E.D. Cal. Jan. 9, 2012) (discussing the limitations on the court's authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff). Plaintiff's request that the U.S. Marshal serve a subpoena duces tecum must therefore be denied.

**IV.  Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel, Dckt. No. 31, is denied.

2. Plaintiff's request to modify the scheduling order, Dckt. No. 33, is denied.

3. Plaintiff's request for the U.S. Marshal to serve a non-party subpoena, Dckt. No. 36, is denied.

DATED: May 22, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE