IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JOHN HEILMAN,

        Plaintiff,            No. 2:11-cv-0042 JAM EFB P

  vs.

C. CHERNIS, et al.,

        Defendants.       ORDER

_____/

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's claims that defendants Cherniss, Lesane, and Forncrook ("defendants"), through their alleged searches, sexual misconduct, or response to plaintiff's complaints of the same, violated plaintiff's First, Fourth and Eighth Amendment rights. The following motions are currently pending before the court: (1) plaintiff's May 24, 2012 request for an extension of time; (2) plaintiff's June 1, 2012 motion for reconsideration and June 1 and June 29, 2012 requests for the issuance of a subpoena; (3) plaintiff's July 9, 2012 motion to compel; (4) defendants' September 28, 2012 motion for summary judgment and motion to dismiss; and (5) plaintiff's October 9, 2012 motion to stay.

////

////

**I.      Plaintiff's Request for an Extension of Time (Dckt. No. 41)**

On May 24, 2012, plaintiff requested an "additional extension of time to propound discovery." Dckt. No. 41. On June 1, 2012, plaintiff informed the court that this request should be considered to be "null and void." Dckt. No. 43 at 2. Accordingly, plaintiff's request is denied as moot.

**II.     Plaintiff's Motion for Reconsideration (Dckt. No. 43) & Motion for Issuance of a Subpoena (Dckt. Nos. 44, 49)**

**A.      Background**

On March 12, 2012, plaintiff informed the court that prison officials had confiscated his legal property when he was transferred to R.J. Donovan Correctional Facility. Dckt. No. 27. He claimed that he could not proceed in this action without his property and requested an order directing prison officials to return his property. *Id.* The court denied plaintiff's request, finding that his claimed inability to proceed in this action lacked merit. Dckt. No. 32 at 1. The court also informed plaintiff of the following:

> Should any delay in the return of plaintiff's legal property interfere with his ability to meet a court-imposed deadline, he may then request that the court grant him an extension of time, explaining why he has been unable to meet the deadline in the time provided. If plaintiff seeks additional time on the grounds he did not have adequate access to his property, he must indicate why he is unable to meet the deadline without that property, what specific requests he has made for access to that property, and how prison officials have responded to those requests.

*Id.* at 2.

On March 22, 2012, the court issued a discovery and scheduling order. Dckt. No. 29. It set July 6, 2012 as the close of discovery and required that all requests for discovery be served by May 7, 2012. *Id.*

On April 9, 2012, plaintiff requested a 30-day extension of time to serve discovery requests because some of his legal materials had been confiscated. Dckt. No. 33. On May 22, 2012, the court denied plaintiff's request because plaintiff did not explain what efforts he had made, if any, toward drafting his requests for discovery or how the lack of access to some of his

2

1  legal property had interfered with his ability to draft his discovery requests.  Dckt. No. 39 at 2.

2  　　　　On April 23, 2012, plaintiff requested that the U.S. Marshal serve a subpoena duces
3  tecum to obtain documents from the California Department of Corrections and Rehabilitation.
4  *See* Dckt. No. 36 (including list of 36 categories of requested documents).  On May 22, 2012, the
5  court denied plaintiff's request because (1) plaintiff failed to provide a completed subpoena for
6  service, and (2) plaintiff failed to demonstrate that he was seeking only relevant documents, and
7  that the documents he sought were unavailable to him and not obtainable from defendants
8  through discovery.  Dckt. No. 39 at 3.

9  　　　　Plaintiff now moves for reconsideration of the May 22, 2012 order denying his request to
10 modify the scheduling order.  Dckt. No. 43.  He also requests a subpoena duces tecum.  Dckt.
11 Nos. 44, 49.

12 　　　　**B.**　　**Discussion**

13 　　　　In the motion for reconsideration, plaintiff purports to provide "a more detailed account
14 of why he could not meet the deadline despite exercising due diligence . . . ."  Dckt. No. 43 at 2.
15 However, a motion for reconsideration is not a vehicle for correcting mistakes in an earlier filed
16 motion based on information that was previously available.  Instead, Local Rule 230(j) requires
17 that a motion for reconsideration state "what new or different facts or circumstances are claimed
18 to exist which did not exist or were not shown upon such prior motion," and "why the facts or
19 circumstances were not shown at the time of the prior motion."  E.D. Cal., Local Rule 230(j)(3)-
20 (4).  Plaintiff's motion must be denied because it does not describe new or different facts that
21 plaintiff could not have shown with his prior motion.

22 　　　　Moreover, a scheduling order may only be modified upon a showing of good cause.  Fed.
23 R. Civ. P. 16(b).  Good cause exists when the moving party demonstrates he cannot meet the
24 deadline despite exercising due diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,
25 609 (9th Cir. 1992).

26 ////

Here, plaintiff admits to receiving the court's scheduling order "on or about April 4, 2012." Dckt. No. 43 at 3. He contends that until April 21, 2012 he did not have the legal materials he needed for this case. *Id.* He does not describe those legal materials in any detail, but states that on April 21, 2012, some, but not all of those materials were returned to him in a disorganized fashion. Dckt. No. 43 at 4. He claims he was able to diligently draft and serve requests for interrogatories, but that he was not able to timely serve requests for admissions or requests for production of documents. *Id.*

In his reply brief, however, plaintiff admits to receiving at least some of his legal materials as early as April 3, 2012. Dckt. No. 48 at 7. Furthermore, on April 18, 2012, plaintiff prepared and filed with the court a subpoena request with 36 specific categories of documents he was seeking regarding the claims and defendants in this action. *See* Dckt. No. 36 (referencing specific dates and administrative appeals by number, and identifying four potential inmate witnesses by name and CDCR number). Thus, the statements made by plaintiff in his motion for reconsideration are flatly contradicted by the case file. It appears that plaintiff had both the time and resources to timely serve requests for admissions and requests for production of documents, but simply failed to do so. Plaintiff's motion for reconsideration must be denied.

In his motion for reconsideration, plaintiff also renews his request for a subpoena duces tecum, explaining that he would like to serve a subpoena after ensuring that the documents sought in his requests for production are not available from defendants. Dckt. No. 43 at 5; *see also* Dckt. Nos. 44, 49. Because discovery is closed and plaintiff's motion for reconsideration is denied, plaintiff cannot demonstrate that the requested documents were unobtainable from defendants through discovery. Plaintiff's request for the issuance of a subpoena must therefore be denied.

**III.    Plaintiff's Motion to Compel (Dckt. No. 50)**

In a motion dated July 2, 2012, plaintiff moved to compel further responses to his interrogatories. Dckt. No. 50. Defendants oppose the motion. Dckt. No. 52. As the moving

party, plaintiff bears the burden of informing the court of (1) which discovery requests are the subject of his motion to compel, (2) which of defendants' responses are disputed, (3) why he believes defendants' responses are deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *See, e.g., Brooks v. Alameida*, No. CIV S-03-2343 JAM EFB P, 2009 U.S. Dist. LEXIS 9568, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); *Ellis v. Cambra*, No. CIV 02-05646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 109050, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").

**A.     Defendant Cherniss**

Plaintiff seeks to compel defendant Cherniss to provide further responses to interrogatories 1-20, and 23-25.

Defendants Cherniss responded, without objection, to interrogatories numbers 1, 2, 11, 16, 17, 23, and 24. In contending that the response to No. 1 is inadequate, plaintiff improperly seeks to add language to the interrogatory and to require that defendant expand upon his already detailed response. In challenging the responses to Nos. 2, 11, 16, 17, 23, and 24, plaintiff contends the responses are "inadequate," "evasive," or "incomplete." However, plaintiff fails to adequately explain why the responses are inadequate, evasive, or incomplete. *See Williams v. Flint*, No. CIV S-06-1238 FCD GGH P, 2007 U.S. Dist. LEXIS 98794, 2007 WL 2274520, at *1 (E.D. Cal. Aug. 3, 2007) ("It is plaintiff's burden to describe why a particular response is inadequate. It is not enough to generally argue that all responses are incomplete."). Plaintiff's motion to compel further responses to these interrogatories is denied.

In response to interrogatories numbers 3, 4, 8, and 19, defendant objected to the requests as overbroad, not reasonably calculated to lead to admissible evidence, and on privacy grounds.

1  Without waiving those objections, defendant also provided responses.  Plaintiff argues that the
2  privacy objections are not well-founded and that the responses are evasive or incomplete.
3  However, defendant appears to have provided complete responses to these interrogatories, and it
4  does not appear that defendant withheld any information on privacy grounds.   Plaintiff's motion
5  is therefore denied.
6        Interrogatories numbers 5, 6, and 14 seek information concerning "unprovoked
7  comments," or "unprovoked verbal comments" made by defendant to plaintiff.  Defendant
8  objected to the requests as vague and ambiguous as to the term "unprovoked comments."
9  Defendant also indicated that he was unable to respond to the interrogatories as worded.  *See,*
10 *e.g.,* Dckt. No. 50 at 20 (defendant's response to interrogatory number 5: "Responding Party is
11 unable to respond to this interrogatory as phrased as it is unknown as to what 'comments'
12 plaintiff is referring.").  Plaintiff contends that interrogatories numbers 5 and 6 were "clear and
13 unambiguous" and that the defendant's responses are "unacceptable."  As for interrogatory
14 number 14, plaintiff claims only that defendant failed to provide "an adequate response."
15 Defendant's objections to these interrogatories are well-taken and plaintiff fails to demonstrate
16 that defendant improperly responded.  The court will not compel further responses to these
17 interrogatories.
18       In response to interrogatory no. 7, defendant objected as overbroad, not reasonably
19 calculated to lead to the discovery of admissible evidence, and on privacy grounds.  In
20 challenging this objection, plaintiff states that the objection is "deemed to be intended to evade
21 providing discoverable material of other inmate's allegations against the defendant for similar
22 conduct and unacceptable as provided and will be used as evidence and admissible in court!"
23 As plaintiff fails to explain with any specificity why defendant's objections is "unacceptable,"
24 his motion to compel must be denied.  *See Freeland v. Sacramento City Police Dep't*, No. Civ.
25 S-06-0917 LKK DAD, 2009 U.S. Dist. LEXIS 20282, at *10 (E.D. Cal. Mar. 3, 2009) ("plaintiff
26 may not simply argue in conclusory fashion that all of the discovery he seeks is relevant or that

6

all of the defendants' responses are inadequate").

Defendant responded to interrogatories numbers 9, 10, 12, 13, and 15 but also objected to the requests on various grounds. Plaintiff challenges the responses as "evasive," "self-serving," or "inadequate" but does not specifically address defendant's objections. Because plaintiff fails to demonstrate that defendant's objections are unjustified, and because defendant's responses appear to be complete, plaintiff's motion is denied as to these interrogatories.

In interrogatory number 18, plaintiff asked whey defendant "refused to answer two critical questions . . . at [plaintiff's] Disciplinary Hearing . . . ." Defendant objected to the request as vague and ambiguous as to time and the term "critical questions." Defendant also responded that "he did not refuse to answer any questions at the hearing . . . and answered questions posed to him by the Senior Hearing Officer. It is unclear as to what 'questions' this interrogatory is referring." Plaintiff does not challenge the sufficiency of defendant's response and defendant appears to have fully responded to the extent possible. The court will not compel a further response to No. 18.

In interrogatory number 20, plaintiff asked defendant why plaintiff "became 'disruptive' during the hands-on body search on May 17, 2010." Defendant properly objected to the request as calling for defendant to speculate as to the actions of plaintiff, and responded that he "does not know why plaintiff acted in the manner he did." Plaintiff's conclusory challenge to this response as "inadequate and evasive" lacks merit.

In interrogatory number 25, plaintiff requested that defendant "explain his sexual orientation." Defendant objected on privacy grounds and on the ground that the request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff argues that a response would support his claim that defendant "fondled [him] for sexual pleasure . . . ." Dckt. No. 50 at 14-15. The sexual orientation of an alleged harasser may very well be relevant to a claim of sexual harassment. *See, e.g., Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) (an inference of discrimination "would be available to a plaintiff alleging same-sex

7

harassment, if there were credible evidence that the harasser was homosexual."); *Smith v. Cafe Asia*, 256 F.R.D. 247, 252 (D.D.C. 2009) (in proving harasser was "motivated by sexual desire," "sexual orientation of the harasser is relevant"). However, the court may limit disclosure of otherwise discoverable information if it would infringe upon a protected privacy interest. *See Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. July 17, 1995) ("Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests"). "Resolution of a privacy objection . . . requires a balancing of the need for the information sought against the privacy right asserted." *Id.*; Fed. R. Civ. P. 26(b)(2)(C)(iii). Here, defendant's privacy objection is well-taken because information regarding one's sexual orientation is intrinsically private. *See Thorne v. City of El Segundo*, 726 F.2d 459, 468 (9th Cir. 1983) (the privacy of one's sexual activities is within the scope of constitutionally protected privacy rights); *Sterling v. Borough of Minersville*, 232 F.3d 190, 196 n.4 (3d Cir. 2000) ("While we have not previously confronted whether forced disclosure of one's sexual orientation would be protected by the right to privacy, we agree with other courts concluding that such information is intrinsically private."). Though potentially relevant, plaintiff's need for the requested information is not great when balanced against defendant's claimed privacy right. *See Wood v. Beauclair*, 2012 U.S. App. LEXIS 18575 (9th Cir. Sept. 4, 2012) (discussing Eighth Amendment sexual harassment claims and noting "[w]here there is no legitimate penological purpose for a prison official's conduct, courts have 'presum[ed] malicious and sadistic intent.'" (citation omitted)). The court will not require that defendant disclose his sexual orientation. *See Alexander v. Cal. Dep't of Corr.*, No. 2:08-cv-2773, 2011 U.S. Dist. LEXIS 34398, at *6 (E.D. Cal. Mar. 16, 2011) ("Resolution of these claims does not require information about defendants' personal views or sexual orientation. . . . The private opinions and conduct of defendant staff and administrators are irrelevant; only defendants' conduct during the course of their employment is relevant to this action.").

////

### B.     Defendant Lesane

Plaintiff seeks to compel defendant Lesane to provide further responses to interrogatories 1-6, 12, 18, 20, and 21.

In interrogatories numbers 1 and 5, plaintiff requested "the number" of certain sexual harassment claims that had been made against defendants Lesane and Cherniss. Defendant objected as overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and on privacy grounds. He also responded that he "is not aware of any such claims." Plaintiff challenges the privacy objections and the responses as "evasive and inadequate" and "vague and incomplete." In a supplement response, defendant clarified for plaintiff that "the number of times would be zero." Plaintiff's motion is denied, and there is no basis for compelling a further response to either interrogatory.

Interrogatories 2, 3, and 6 assumed the existence of one or more "claims," as referenced above. Defendant responded that the interrogatories were "inapplicable." In light of defendant's response that he is not aware of any such claims, he properly responded to interrogatories 2, 3, and 6.

Defendant responded to interrogatory number 4 by disputing certain assertions made therein, and otherwise fully responding to the question asked. Plaintiff improperly attempts to re-word the interrogatory in his motion to compel, and requests that defendant expand upon his response. Defendant's response is sufficient.

Interrogatories numbers 18, 20, and 21 request information about times defendant has been "accused" of various forms of misconduct. Defendant objected to the requests as overbroad and not reasonably calculated to lead to the discovery of admissible evidence. He also adequately responded that he "is not aware of any such claims or accusations." Plaintiff's mere characterization of these responses as "evasive" or "inadequate," in not sufficient to compel further responses.

////

In a letter to plaintiff dated June 27, 2012, defendant indicated that he would provide plaintiff with a supplemental response to interrogatory number 12. In defendants' July 23, 2012 opposition to plaintiff's motion, defendant against indicated that he would provide this response to plaintiff. Dckt. No. 52 at 3. On October 9, 2012, plaintiff informed the court that defendants had "failed to provide any" additional interrogatory responses. Accordingly, within seven days of the date of this order, defendants shall file a statement with the court showing how and when defendant Lesane supplemented his response to this interrogatory.

### C. Defendant Forncrook

Plaintiff seeks to compel defendant Forncrook to provide further responses to interrogatories 3 and 4.

Interrogatory number 3 asks defendant Forncrook to "explain how Sgt. Lesane learned of [plaintiff's] sexual misconduct allegations against C. Cherniss, as you documented on the 115 RVR, Log No. CMF-02-L-0510-023." Defendant objected that he "is unable to respond to inquiries regarding the knowledge of other parties," and responded that the "document referenced does not support 'sexual misconduct allegations against C. Cherniss." For those reasons, defendant stated he was "unable to respond to the interrogatory as phrased."

Interrogatory number 4 asks defendant Forncrook "why Sgt. Lesane was not disciplined for refusing to report [plaintiff's] sexual misconduct allegation against C. Cherniss as documented by you on the 115 RVR Log No. CMF-02-L--0510-023." Defendant objected to the interrogatory as assuming facts not in evidence. He also responded that the "document referenced does not support 'sexual misconduct allegations against C. Cherniss," and that he was "unable to respond to the interrogatory as phrased."

Plaintiff's conclusory challenge to these responses as "inadequate and evasive" is insufficient to warrant an order compelling further responses. *See Williams*,, 2007 U.S. Dist. LEXIS 98794; *Haynes v. Sisto*, No. CIV-S-08-2177 SPG, 2010 U.S. Dist. LEXIS 121246, at *2-3 (E. D. Cal. Oct. 29, 2010) ("The court will not review each of Plaintiff's discovery requests

1  and each of Defendants' responses in order to determine whether any of Defendants' responses
2  are somehow deficient. Plaintiff has the burden of . . . describing why Defendants' particular
3  response is inadequate."). Moreover, defendant's objections are well-taken and his responses to
4  the interrogatories appear to be sufficient.

5  **IV.    Defendants' Motions for Summary Judgment and to Dismiss (Dckt. Nos. 54, 55)**

6  On September 28, 2012, defendants filed a motion to dismiss and a motion for summary
7  judgment. Dckt. Nos. 54, 55. Defendants' motion for summary judgment included a notice to
8  plaintiff informing him of the requirements for opposing a motion pursuant to Rule 56 of the
9  Federal Rules of Civil Procedure. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v.*
10 *Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999);
11 *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). The motion to dismiss, however, did not
12 include a notice to plaintiff informing him of the requirements for opposing a motion to dismiss
13 for failure to exhaust available administrative remedies. *See Woods*, 684 F.3d 934; *Stratton v.*
14 *Buck*, 2012 U.S. App. LEXIS 19647, at *7-8 (9th Cir. Sept. 19, 2012); *Wyatt v. Terhune*, 315
15 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003). Accordingly, the court provides plaintiff with the
16 requisite notice in the attached "*Wyatt* Notice."

17 **V.    Plaintiff's Motion to Stay (Dckt. No. 56)**

18 Plaintiff filed a motion to stay the defendants' motion for summary judgment and motion
19 to dismiss pending the court's ruling on his motion for reconsideration and motion to compel.
20 As stated herein, plaintiff's motion for reconsideration is denied. Plaintiff's motion to compel is
21 granted only to the extent that the court requests clarification from defendants regarding the
22 status of their supplemental response to one of the interrogatories directed at Lesane. In light of
23 the possibility that plaintiff has not received all discovery to which he is entitled, the court will
24 grant plaintiff's motion to stay to the extent that plaintiff's oppositions to defendants' motions
25 shall be due within 30 days of being served with defendants' response to this order.
26 ////

**VI.  Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an extension of time (Dckt. No. 41) is denied as moot.

2. Plaintiff's motion for reconsideration (Dckt. No. 43) and for the issuance of a subpoena (Dckt. Nos. 44, 49) are denied.

3. Plaintiff's motion to compel (Dckt. No. 50) is denied.  Within seven days of the date of this order, however, defendants shall file a statement with the court showing how and when defendant Lesane supplemented his response to this Interrogatory No. 12.

4. Plaintiff's motion to stay (Dckt. No. 56) is granted to the extent that plaintiff's oppositions to defendants' motion for summary judgment and motion to dismiss shall be due within 30 days of being served with defendants' response to this order.

DATED: October 18, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

**Wyatt Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion to dismiss for failure to exhaust administrative remedies. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Wyatt v. Terhune, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003). The court requires that you be provided with this notice regarding the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

When a defendant moves to dismiss some or all of your claims for failure to exhaust administrative remedies, the defendant is requesting that the court dismiss claims for which you did not exhaust available administrative remedies. A "motion to dismiss for failure to exhaust administrative remedies is similar to a motion for a summary judgment in that the district court will consider materials beyond the pleadings." Stratton v. Buck, 2012 WL 4094937, at *3 (9th Cir. Sept. 19, 2012). The defendant may submit affidavits or declarations under penalty of perjury and admissible documents in support of the motion.

To oppose the motion, you must submit proof of specific facts regarding the exhaustion of administrative remedies. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth facts regarding exhaustion of your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

////

If the court grants the defendant's motion, whether opposed or unopposed, your unexhausted claims will be dismissed. If all of your claims are unexhausted, your entire case will be over. If, however, you exhaust administrative remedies for your claims at a later date, you may raise those claims in a new action.