UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN, | No. 2:11-cv-0042-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| C. CHERNISS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The matter is currently set for trial before the district judge on March 23, 2015. Plaintiff has submitted a flurry of motions requesting that the court issue orders pertaining to many diverse issues. ECF Nos. 115, 116, 122, 123, 124, 126, 127, & 128. Plaintiff's motions will be denied for the reasons provided below. Additionally, defense counsel has submitted a declaration regarding plaintiff's proposed incarcerated trial witnesses, requesting that the court quash the writs of habeas corpus ad testificandum that have issued for these individuals. ECF No. 136. The court will direct plaintiff to file a response to the allegations contained in the declaration, as provided below.

**I.      Motions Regarding Service of Trial Subpoena on L. Lesane**

Plaintiff has filed a number of motions asking for the court's assistance in obtaining the information and documents so that he could comply with the court's requirements for effecting

1

service by the U.S. Marshal on trial witness L. Lesane.  ECF Nos. 115, 116, 117, 122, & 124.  These motions are moot in light of plaintiff's submission of the necessary items to the Marshal and this court's order directing the Marshal to serve L. Lesane.  ECF No. 137.  The motions will accordingly be denied.

## II.     Motions Regarding Accommodations During Trial

Plaintiff seeks a court order directing various individuals to provide him with certain items or accommodations for trial.  ECF Nos. 125, 126, 127, & 128.  Specifically, plaintiff would like the court to order:

1. the U.S. Marshal (instead of CDCR) to transport plaintiff to Sacramento (ECF No. 125);
2. to be transported to Sacramento no more than two days prior to trial and transported back to his institution no more than two days after trial concludes (*id.*);
3. CDCR to allow plaintiff to bring to trial soap, toothbrush and paste, underclothes, socks, a bowl, a cup, a spoon, a jar of coffee, 10 instant soups, 10 peanut butter packets, one bag of cereal, 10 meat packs, 10 candy bars, 8-10 manila folders, paper, two ink pens, and two legal books (ECF No. 128);
4. the Federal Defender's Office to provide plaintiff with street clothes to wear at trial and that the jury not be permitted to view plaintiff in his prison clothes (ECF No. 127);
5. CDCR be required to house plaintiff during trial at the "federal facility" in Sacramento, not in any administrative segregation, and with access to a phone, daily showers, his legal materials, and a law library (ECF No. 126).

Plaintiff's requests for court intervention against persons who are not parties to this case are governed by The All Writs Act.  That Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. 1651(a).  It is meant to aid the court in the exercise and preservation of its jurisdiction.  *Plum Creek Lumber Company v. Hutton*, 608 F.2d 1283, 1289 (9th Cir. 1979).  The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons who, "though not parties to the original action or

engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." *United States v. N.Y. Tel. Co.*, 434 U.S. 159 (1977).

To obtain an order under the All Writs Act, the requested order must be "necessary." This language requires that the relief requested is not available through some alternative means. *Clinton v. Goldsmith*, 526 U.S. 529 (1999). Plaintiff has not shown that the items and accommodations he requests are necessary. Plaintiff speculates that the transport and accommodations that CDCR will provide will be inadequate, but provides no reason why the court should accept that speculation as fact. The Federal Defender's Office has no involvement in this case, and the court lacks authority to order that entity to provide plaintiff with clothing. If plaintiff lacks sufficient access to hygiene items or legal materials when he has been brought to Sacramento for trial, plaintiff may inform the trial judge and seek relief at that time. The court otherwise declines to micromanage the transport, housing, and accommodations CDCR will provide to plaintiff, and plaintiff's motions requesting court intervention will therefore be denied.

### III.     Motions Regarding Incarcerated Witnesses

Plaintiff once again asks for the court's assistance in obtaining the attendance at trial of his incarcerated and formerly-incarcerated witnesses. ECF No. 123. First, plaintiff asks for the court to compel CDCR to produce inmates Oliver Overton and Steven Bradley at trial. The court has issued a writ of habeas corpus ad testificandum for Mr. Overton. ECF No. 132. However, defense counsel has filed a declaration from Mr. Overton in which Mr. Overton states that he did not author and sign the declaration plaintiff has submitted purporting to be from him and that he does not know plaintiff or have any relevant facts pertaining to this case. ECF No. 136. Defendants ask the court to quash the writ for Mr. Overton. The court will order plaintiff to respond to this request. As to Mr. Bradley, the CDCR inmate locator website indicates that he is not incarcerated. CDCR Inmate Locator, http://inmatelocator.cdcr.ca.gov/ (searched February 25, 2015). Accordingly, the court cannot order CDCR to produce Mr. Bradley.

Second, plaintiff seeks some unspecified help in getting former inmates Rocky L. Bundeson, Victor Cordero, and Daniel Patillo to trial. Mr. Patillo has been reincarcerated, and the court has issued a writ for his appearance at trial. ECF No. 131. Defense counsel asks that

the writ be quashed, because Mr. Patillo is undergoing treatment for Hepatitis C and does not wish to be transported to Sacramento for trial. Absent any evidence that appearing at trial would compromise his medical treatment, the court is not inclined to grant defendants' request, but will nevertheless order plaintiff to respond. Mssrs. Bundeson and Cordero are not currently in the custody of CDCR, and plaintiff does not know where they are. As the court has informed plaintiff already, it was his responsibility to maintain contact with and/or locate his trial witnesses prior to the close of discovery. ECF No. 106 at 8-9 (noting that plaintiff should have pursued the location of his trial witnesses during discovery). The court will not locate plaintiff's witnesses for him.

### IV.     Order

For the reasons stated above, it is hereby ORDERED that:

1. Plaintiff's motions denoted ECF Nos. 115, 116, 117, 122, 123, 124, 125, 126, 127, and 128 are denied.
2. Within 10 days of the date of this order, plaintiff shall file a response to defense counsel's declaration (ECF No. 136) and the accompanying request that the writs of habeas corpus ad testificandum for trial witnesses Overton and Patillo be quashed.

DATED: February 26, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE