1  ELIOT D. WILLIAMS (SBN 290780)
   eliot.williams@bakerbotts.com
2  JASON R. GERMAN (SBN 280837)
   jason.german@bakerbotts.com
3  SEAN K. APPLE (SBN 305692)
   sean.apple@bakerbotts.com
4  **BAKER BOTTS L.L.P.**
   1001 Page Mill Road, Suite 200
5  Palo Alto, California 94304
   Telephone:    +1-650-739-7500
6  Facsimile:    +1-650-739-7699

7  *Attorneys for Thomas John Heilman*

8  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
9  MICHELLE L. ANGUS, State Bar No. 210031
   Supervising Deputy Attorney General
10 TYLER ONITSUKA, State Bar No. 267307
   Deputy Attorney General
11    1300 I Street, Suite 125
      P.O. Box 944255
12    Sacramento, CA 94244-2550
      Telephone:  (916) 210-7557
13    Fax:  (916) 324-5205
      E-mail:  Tyler.Onitsuka@doj.ca.gov
14
   *Attorneys for Defendants L. Lesane and C.*
15 *Cherniss*

16                    **UNITED STATES DISTRICT COURT**

17                    **EASTERN DISTRICT OF CALIFORNIA**

18                         **SACRAMENTO DIVISION**

19 | THOMAS JOHN HEILMAN, | Case No. 2:11-cv-00042-JAM-EFB |

20 | Plaintiff, | **JOINT STATEMENT REGARDING PLAINTIFF HEILMAN'S MOTION FOR LEAVE TO TAKE DEPOSITIONS OF PERSONS CONFINED IN PRISON** |

21 | v. |

22 | C. CHERNISS, et al., |

23 | Defendants. | **Date**: June 6, 2018
**Time:** 10:00 am
**Judge:** Honorable Magistrate Judge Edmund F. Brennan |

**Joint Statement**

## I. Background

Plaintiff Heilman, acting *pro se* and *in forma pauperis*, filed this civil-rights case on January 5, 2011. Plaintiff's complaint asserts that Defendants Cherniss and Lesane, a correctional officer and correctional sergeant, respectively, at California Medical Facility in Vacaville, violated Plaintiff's Fourth and Eighth Amendment rights with a series of sexually abusive searches. The Ninth Circuit Court of Appeals appointed counsel to represent Plaintiff on appeal on July 8, 2016, *Heilman v. Cherniss*, No. 15-15912 (9th Cir., June 16, 2015) (Dkt. No. 19), and counsel's representation continued after remand to this Court. On January 10, 2018, Plaintiff moved to reopen discovery, in part so that Plaintiff could serve discovery requests on Defendants and on the California Department of Corrections and Rehabilitation (CDCR). Dkt. No. 214. The Court granted Plaintiff's motion and reopened discovery on February 8, 2018. Dkt. No. 218. Fact discovery closed on May 8, 2018. *Id.* Currently pending before the Court are Plaintiff's motions to extend discovery and to compel production from CDCR and Defendants. Dkt. Nos. 224 (Motion to Extend Discovery) and 230 (Joint Statement Regarding Motion to Compel).

## II. Plaintiff's Contentions

### A. Legal Standard

Under Federal Rule of Civil Procedure 30(a)(2)(B), a party must obtain leave of court to depose a person who is confined in prison and the court must grant leave to the extent consistent with Federal Rule of Civil Procedure 26(b)(1) and (2). *Morning Star Packing Co. v. SK Foods*, L.P, No. 2:09-cv-00208-KJM-EFB, 2017 WL 117891, at *5 (E.D. Cal. Jan. 11, 2017); *Griffin v. Johnson*, No. 1:13-cv-01599-LJO-BAM (PC), 2016 WL 4764670, at *1 (E.D. Cal. Sept. 12, 2016).

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Federal Rule of Civil Procedure 26(b)(2) requires the court to limit discovery only if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."

B.  The Court Should Grant Leave to Depose Both Inmate Witnesses

Plaintiff seeks leave to depose Travyon Harbor and Gregory Dyas.[1] Travyon Harbor is an inmate who alleges that Cherniss stopped and searched him and that during the search, Cherniss grabbed and pulled on Harbor's penis and testicles. *Harbor v. Cherniss*, No. 2:15-cv-00705-TLN-DB, 2017 WL 1354567, at *1 (E.D. Cal. Apr. 13, 2017); *see* Apple Decl., Ex. 1 (Harbor's Second Amended Complaint). Harbor also alleged that Gregory Dyas, another inmate, filed a staff complaint against Cherniss for inappropriately fondling genitalia during a search. Apple Decl., Ex. 1 at ¶ 32. To the best of Plaintiff's knowledge, Travyon Harbor in currently incarcerated at the Deuel Vocational Institute in Tracy, California and Gregory Dyas is currently incarcerated at the Pelican Bay State Prison in Crescent City, California. Apple Decl., Exs. 2–3.

The evidence that Plaintiff seeks is relevant to this case. Both witnesses have information that shows that Cherniss sexually assaulted prisoners during body searches in a similar manner as that alleged by Plaintiff. In fact, the circumstances and nature of the assault suffered by the two inmate witnesses are strikingly similar to the allegations in this case, where Plaintiff claims that, among other things, Defendant Cherniss grabbed and fondled Plaintiff's genitals during a search. The inmate allegations therefore appear to credit Plaintiff's allegations and corroborate Defendant Cherniss's propensity to perform the sexually abusive search at the heart of Plaintiff's claims.

Plaintiff sought and was granted permission to reopen discovery in this case to seek precisely this kind of evidence. *See* Dkt. 214 at 6:16–21. Although evidence need not be admissible to be within the scope of discovery, the anticipated evidence here would be admissible under at least

---

[1] Plaintiff currently intends to depose both inmates. However, Defendant Cherniss testified at his deposition that there have been approximately 15 or 16 staff complaints made against him. Dkt. No. 230-2 (Exhibits to Apple Decl. in Support of Motion to Compel), Ex. 21 at 117:19–25, that 12 or 13 of those complaints accuse Cherniss of improper searching, and that most of those allege sexual misconduct. *Id.* at 120:11–19. Plaintiff has sought the identities of those complainants, and that discovery is also addressed in Plaintiff's pending motion to compel. Dkt. No. 230 (Joint Statement Regarding Motion to Compel). Plaintiff will be able to determine which individuals it will use its remaining depositions on once it obtains that discovery.

Federal Rule of Civil Procedure 415, which permits other acts of sexual assault to be used as evidence to substantiate claims of sexual assault. The evidence likely would also be admissible to show lack of accident or mistake under at least Federal Rule of Evidence 404(b)(2). Moreover, depositions of Harbor and Dyas would not be unreasonably cumulative or duplicative, as Plaintiff has not previously deposed or otherwise obtained testimony from these witnesses. Apple Decl. at ¶ 6.

### III.  Defendants' Contentions

Under Rule 26(b)(2) of the Federal Rules of Civil Procedure, the Court must limit discovery under several circumstances:

> (C) *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

*See also Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 578-579 (N.D. Tex. 2002) (applying rule to motion for leave to depose incarcerated witness).

First, as more fully detailed in Defendants' opposition to Plaintiff's motion to extend discovery, Plaintiff has already had ample opportunity to obtain the information sought. The original complaint filed in *Harbor v. Cherniss*, Case No. 2:15-cv-00705-TLN-DB, was filed on March 27, 2015. And even the second amended complaint, the operative complaint in that action, was filed on October 12, 2016, well before discovery reopened in this case. (Apple Decl. Ex. 1.) At the very latest, Plaintiff knew of Harbor and Dyas by April 18, 2018, the date he served amended initial disclosures that included them as witnesses. (Declaration of Tyler Onitsuka Ex. F, ECF No. 229-1.) Despite this, Plaintiff did not seek to take either of their depositions until now. This alone is enough to warrant denial of Plaintiff's motion. *May v. Brunton*, Case No. 12-CV-2860-W (MDD), 2013 WL 6528896, at *2 (S.D. Cal. Dec. 12, 2013) (denying request to take deposition of plaintiff because defendant "had ample opportunity to notice it well in advance of the close of discovery," and "the delay in seeking to obtain Plaintiff's deposition was not justified").

Moreover, fact discovery in this case is now closed. Plaintiff should not be allowed to circumvent the discovery deadline by seeking leave to take depositions that will occur after the deadline has already passed. *Dhaliwal v. Singh*, Case No. 1:13-cv-00484-LJO-SKO, 2014 WL 3401384, at *2 (E.D. Cal. July 11, 2014) (third party subpoena untimely where compliance date falls outside of discovery deadline); *Brown v. Deputy No. 1*, Case No. 12-cv-1938-GPC (BGS), 2014 WL 842946, at *7 (S.D. Cal. March 4, 2014) (same). To do so would eliminate the entire purpose of the order setting a discovery deadline in this case, which required that "[a]ll fact discovery should be completed" by May 8, 2018. (ECF No. 218.)

Second, the discovery sought by Plaintiff's motion is cumulative, duplicative, and can be sought from other sources that are more convenient. The docket of *Harbor v. Cherniss* is replete with documents, including inmate appeals, responses to those appeals, and at least three different complaints signed under penalty of perjury. Based on these documents, Plaintiff has, among other things: (1) the date of Defendant Cherniss's alleged conduct towards Harbor; (2) a list of who was present for that conduct; (3) a detailed description of Cherniss's search of Harbor; (4) an explanation of what was allegedly said between Harbor and Cherniss before and after the search; (5) the location of the search; and (6) a description of the institutional action that followed the search. (Apple Decl. Ex. 1.) These documents have given Plaintiff more than enough information to examine Harbor at trial, should he choose to do so, or contact him to investigate his claims.

If Plaintiff is seeking evidence that other inmates have accused Cherniss of misconduct associated with improper searches, he already has this evidence in the form of affidavits by Harbor. It is unclear why Plaintiff needs to take a deposition to corroborate Harbor's claims. Plaintiff also acknowledges that he will likely be seeking to take other depositions, if the Court compels production of other inmate staff complaints against Defendants.[2] But the production of such staff complaints would provide Plaintiff all the evidence he needs to show what kind of allegations inmates have made against Defendants; depositions would be cumulative and duplicative. *EEOC v.*

---

[2] Plaintiff asserts that he believes there are approximately fifteen or sixteen other staff complaints that have been filed against Defendant Cherniss. This claim, which is further discussed in Defendants' portion of the Joint Statement on Plaintiff's Motion to Compel, is incorrect.

*Pinal Cnty.*, 714 F.Supp.2d 1073, 1078 (S.D. Cal. 2010) (quashing deposition subpoena where party "made no showing that [deponent] possesses relevant, non-privileged information that is not cumulative or duplicative" of documents in party's possession); *EEOC v. Unicom Elec., Inc.*, Case No. CV 02-6937-CAS (JTLx), 2007 WL 9359941, at *1 (C.D. Cal. Mar. 9, 2007) (same).

Third, the discovery requested is not proportional to the needs of the case because "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Even assuming that evidence of other complaints against Defendants are relevant, their relevance would be limited to the fact that they exist and the basic allegations made. Requiring full blown depositions, even where Plaintiff has documents to serve the purpose he needs, is "the litigation equivalent of a sledgehammer to a nail." *Jones v. Hernandez*, No. 16-cv-1986-W(WVG), 2018 WL 539082, at *4 (S.D. Cal. Jan. 23, 2018), *objections overruled*, No. 16-CV-1986 W (WVG), 2018 WL 1981207 (S.D. Cal. Apr. 27, 2018) ("The great expense and effort—including the highly likely litigation that will follow from the counsels' disputes during the deposition—that a deposition will require *greatly* outweigh whatever marginal benefit Plaintiff thinks he can derive.") (emphasis in original). It does not make sense to subject the parties, the third party witnesses, and prisons holding those witnesses to the burden of depositions when simple documents would suffice.

## IV.   Meet and Confer Efforts

The parties met and conferred regarding the discovery at issue in this Joint Statement. *See* Apple Decl., Ex. 4.

| | |
|---|---|
| DATED: May 30, 2018 | Respectfully submitted, |
| | */s/ Sean K. Apple* |
| | ELIOT D. WILLIAMS (SBN 290780)<br>eliot.williams@bakerbotts.com<br>JASON R. GERMAN (SBN 280837)<br>jason.german@bakerbotts.com<br>SEAN K. APPLE (SBN 305692)<br>sean.apple@bakerbotts.com<br>**BAKER BOTTS L.L.P.**<br>1001 Page Mill Road, Suite 200<br>Palo Alto, California 94304<br>Telephone: 1-650-739-7500<br>Facsimile:  1-650-739-7699<br>Attorneys for Plaintiff<br>THOMAS JOHN HEILMAN |
| | */s/ Tyler H. Onitsuka*<br>(as authorized on May 30, 2018) |
| | TYLER H. ONITSUKA (SBN 267307)<br>Tyler.Onitsuka@doj.ca.gov<br>**Office of the Attorney General**<br>1300 I Street<br>Sacramento, CA 95814<br>Telephone: 1-916-210-7557<br>Facsimile:  1-916-324-5205<br>Attorneys for Defendants<br>CHRISTOPHER CHERNISS<br>LARRY LESANE |