UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JOHN HEILMAN,

  Plaintiff,

  v.

C. CHERNISS, et al.,

  Defendants.

No. 2:11-cv-0042-JAM-EFB P

ORDER AFTER HEARING

Thomas Heilman ("plaintiff") has filed three motions – one for leave to take depositions of persons confined in prison (ECF No. 223), a second to extend the discovery period (ECF No. 224), and a third to compel production of documents and further responses (ECF No. 225). Defendants (and, with respect to the motion to compel, third party California Department of Corrections and Rehabilitation ("CDCR")) opposed each of these motions. ECF Nos. 229, 230, & 231.

Oral argument was heard on the motions on June 6, 2018. Attorneys Jason German and Sean Apple appeared on behalf of plaintiff; Attorney Tyler Onitsuka appeared on behalf of defendants and third party CDCR. For the reasons stated on the record and summarized below, plaintiff's motions to extend discovery and take depositions are granted; his motion to compel is granted in part.

/////

1

I.     Motion to Extend the Discovery Period

The record convinces the court that plaintiff and his counsel have been diligent in conducting discovery. In particular, the court credits the argument from plaintiff's counsel that the timing of defendant and CDCR's discovery productions – especially the tardy production of the CDCR privilege log – rendered it effectively impossible for plaintiff to complete discovery by the original deadline. And the discovery still being pursued by plaintiff and his counsel falls within the broad standard of relevance articulated by Rule 26.

As discussed at the hearing, the new deadline for fact discovery is September 4, 2018 – ninety days from the date of the hearing. As to the relevant dates for expert discovery, the parties stated that they would confer and report back to the court at a later date.

II.    Motion for Leave to Take Depositions

As articulated at the hearing, Rule 415 provides that "[i]n a civil case involving a claim for relief based on a party's alleged sexual assault or child molestation, the court may admit evidence that the party committed any other sexual assault or child molestation." Fed. R. Evid. 415(a). And the non-party prisoners whom plaintiff seeks to depose – Harbor and Dyas – made sexual assault allegations against defendant Cherniss similar to the ones at issue in this case. Defendants' counsel argued that most of the pertinent information that could be obtained from these depositions was otherwise obtainable from a separate suit that Harbor had filed against Cherniss. *See Harbor v. Cherniss*, No. 2:15 cv 705 TLN DB. It may be true that many of the basic details could be so obtained, but denying plaintiff the ability to depose these inmates would deprive his counsel of the opportunity to ask potentially valuable follow-up questions about the alleged events.

III.   Motion to Compel

The court addressed the relevant requests for production and interrogatories at the hearing and ruled as follows:

- Privilege Log Item No. 6 must be produced to plaintiff's counsel subject to the relevant provisions of the parties' stipulated protection order.

2

- By June 27, 2018, the CDCR shall undertake a reasonably diligent search for the May 17, 2010 logbook referenced in CDCR RFP No. 3. If the logbook exists, it must be produced to plaintiff's counsel (subject, if necessary, to the stipulated protection order) by the aforementioned date.
- CDCR must produce the privilege log items identified in RFP No. 4 –Nos. 1-5 (number six having already been ordered produced above) and 10-12 to plaintiff's counsel subject to the protective order. CDCR may redact the personal information of defendant Cherniss and the social security numbers of all individuals referenced in those documents. They may not redact contact information – names, phone numbers, last known addresses – of any other individuals referenced in the documents.
- The court granted plaintiff's request to compel production with respect to CDCR RFPs Nos. 5, 7, 11, 12, 13, 14, 15, and 16. CDCR shall produce any documents responsive to these RFPs (subject to the protective order where necessary) except insofar as those documents are duplicative with ones already produced.
- The court compelled production with respect to CDCR RFP No. 19 and ordered that relevant document retention policies be produced. As clarified at the hearing, relevant document retention policies are those policies which govern ANY responsive documents produced by CDCR in discovery for this case. For each document retention policy produced, CDCR shall identify which responsive documents it applies or applied to.
- The court ordered that defendant Cherniss must undertake a search (if he has not already done so) to determine which, if any, responsive[1] documents he has in his own possession. He must produce any non-duplicative documents uncovered by that search to plaintiff's counsel (subject to the protective order where necessary).
- In light of its previous ruling on a substantially similar interrogatory response, the

---

[1] "Responsive" in this instance is in reference to RFPs Nos. 4 and 5 to defendant Cherniss.

court did not directly order defendant Cherniss to supplement his answer to interrogatory no. 4. Nevertheless, it urged the parties to continue to confer over the matter and expressed concern that withholding potentially relevant information could ultimately have a negative impact on the parties' attempts to resolve this long pending case in a timely manner. Counsel for defendants indicated that, in light of the other productions ordered by the court, he did not anticipate any issue with providing a more detailed response to this interrogatory.

- For all searches conducted by CDCR or defendants in response to this order, they shall provide a proper verification, signed under penalty of perjury by the individual or individuals who conducted the search which describes both the method of search and the location(s) searched. The verification shall also certify, under penalty of perjury, that all responsive documents have been produced or that no such responsive documents could be found.

IV. Conclusion and Order

Accordingly, it is ORDERED that:

1. Plaintiff's motion to extend discovery (ECF No. 224) is GRANTED. The new deadline for completing all fact discovery is September 4, 2018.
2. Plaintiff's motion for leave to take depositions of persons confined in prison (ECF No. 223) is GRANTED. Depositions for Mr. Harbor and Mr. Dyas must be completed by the September 4, 2018 deadline identified above.
3. Plaintiff's motion to compel (ECF No. 225) is GRANTED in part, consistent with points discussed *supra* in this written order and at the June 6, 2018 hearing.

DATED: June 12, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE