UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN,<br><br>Plaintiff,<br><br>v.<br><br>C. CHERNISS, et al.,<br><br>Defendants. | No. 2:11-cv-0042-JAM-EFB P<br><br><br><br>ORDER |

Thomas Heilman ("plaintiff") filed this civil rights action pursuant to section 1983 on January 5, 2011. ECF No. 1. On January 10, 2018 and, now represented by counsel, plaintiff moved to re-open discovery. ECF No. 214. That motion was granted. ECF No. 218. Now pending before the court is plaintiff's motion to compel (ECF No. 225) which is accompanied by a number of exhibits (ECF No. 230-2). Plaintiff has filed a notice of request to seal two of those exhibits – numbers 23 and 28. ECF No. 232. The basis for sealing these documents is that the CDCR has designated them "Confidential" pursuant to the stipulated protective order in this case (ECF No. 222). For the reasons stated below, plaintiff's motion is denied without prejudice.

Under Local Rule 141(a), "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law." E.D. Cal. L.R. 141(a). With regard to non-dispositive motions and records accompanying such motions (like the exhibits at issue here), the

/////

1

Ninth Circuit has held that the requesting party must meet a "good cause standard."[1] *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). A "party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

Here, plaintiff's request to seal is based exclusively on the protective order in this case which provides for the designation of documents as "confidential."[2] The parties stipulated to that protective order, however it will not substitute for the required, particularized good cause showing. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006) ("Because the parties had simply stipulated to the protective order, a particularized showing of 'good cause' to keep the documents under seal had never been made to the court as required by Federal Rule of Civil Procedure 26(c)."); *see also Foltz*, 331 F.3d at 1130 (holding that a blanket protective order does not establish good cause to file documents under seal). Indeed, the parties acknowledged as much in the protective order itself:

> The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

ECF No. 222 at 2.

/////
/////
/////
/////
/////

---

[1] Contrasted with the "compelling reasons" standard for dispositive pleadings. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

[2] Confidential information or items are defined in the protective order as "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." ECF No. 222 at 2.

2

Based on the foregoing, it is ORDERED that plaintiff's request to seal (ECF No. 232) is DENIED without prejudice to the re-filing of a request which specifically states the basis for sealing the documents in question.

DATED: July 17, 2018.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE