UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN,<br><br>Plaintiff,<br><br>v.<br><br>C. CHERNISS, et al.,<br><br>Defendants. | No. 2:11-cv-0042-JAM-EFB P<br><br><br>ORDER AFTER HEARING |

This matter was before the court on November 7, 2018, for hearing on plaintiff, Thomas Heilman's motion to compel, ECF No. 263, and both parties' request that certain documents accompanying their joint statement be sealed. ECF No. 269. Attorneys Jason German and Jake Gallau appeared on behalf of plaintiff; Attorneys Tyler Onitsuka and William McCaslin appeared on behalf of defendants. For the reasons stated on the record and summarized below, plaintiff's motion to compel is granted in part. The request to seal is denied as moot. Finally, plaintiff's request for attorney's fees– included within his motion to compel – is addressed separately herein and granted.

## MOTION TO COMPEL

The court addressed the relevant request to depose, requests for production, and requests for admission at the hearing and ruled as follows:

/////

1

I. Request to Depose Tom Blanco

Plaintiff's request to depose Special Agent Tom Blanco of the Office of Internal Affairs is GRANTED. The parties shall confer and agree, within seven days, as to a date, time, and place to conduct the deposition.

II. Requests for Production Nos. 4 & 5

Counsel for the CDCR represented that it was still searching for documents (if any exist) that are responsive to Requests for Production Nos. 4 & 5. No later than **two weeks** from the date this order is filed, counsel for the CDCR shall either produce relevant documents to plaintiff or produce a verification that none exist. Such verification – as discussed at the hearing – must include a signature from the official(s) who conducted the search and detail the search methodology.

III. Request for Production No. 24

This item is granted to the extent that CDCR – which represents that all responsive documents to this RFP have already been produced – shall submit a verification (as detailed in the foregoing section) to that effect.

IV. Request for Production No. 23

The motion to compel is GRANTED as to this item.

V. Requests for Production Nos. 30, 31, & 33

As detailed at the hearing, the motion to compel is GRANTED as to each of these items. Counsel for the CDCR may, prior to production of relevant documents, redact any private information – i.e. social security numbers, home addresses, phone numbers – belonging to either Cherniss or any correctional staff members referenced therein.

VI. Requests for Production Nos. 33 & 36

The motion to compel is GRANTED as to these items IN PART. Counsel for CDCR shall produce Privilege Log No. 13 to plaintiff's counsel. Plaintiff's request for Privilege Log No. 14 is DENIED without prejudice to renewal at a later date – after defendant Cherniss supplements his answers to the relevant requests for admission.

////

1     VII.    Requests for Production Nos. 32 & 38

2     The motion to compel is GRANTED as to each of these items.[1]

3     VIII.   Requests for Production Nos. 39 & 40

4     The motion to compel is GRANTED as to each of these items to the extent that counsel

5     for the CDCR must complete their search for relevant documents by November 30, 2018. If

6     relevant documents exist, they must be produced to plaintiff's counsel. If none exist, counsel

7     shall provide a sufficiently detailed and signed verification to that effect.

8     IX.     Requests for Admission Numbers 4, 5, & 6

9     The motion to compel is GRANTED as to each of these items. As discussed at the

10    hearing, defendant Cherniss shall supplement his responses to each.

## REQUEST TO SEAL

12    For the reasons stated on the record at the hearing, the request to seal is DENIED as

13    MOOT.

## ATTORNEYS' FEES – RULE 37(a)(5)(A)

15    Counsel for plaintiff has, in conjunction with their motion to compel, requested an award

16    of fees and litigation expenses incurred for bringing this motion. The basis for this request is

17    CDCR's repeated invocation of two objections to producing relevant documents: (1) state law

18    privilege; and (2) the contention that the protective order in this case is insufficient to protect

19    sensitive information. As stated at the hearing, the court does not impose such an award lightly.

20    However, after deliberation, it concludes that both of these objections are without justification

21    and, thus, sanctions must be imposed. The court is particularly troubled by CDCR's contention –

22    without supportive evidence – that the protective order in this case is insufficient to the task of

23    keeping sensitive information out of the hands of inmates (or other individuals who might use the

24    information to harm institutional security). Plaintiff is represented by a large and reputable law

25    firm. The counsel associated therewith and litigating on plaintiff's behalf have conducted

26    themselves professionally. The unsupported intimation that they would intentionally or

---

[1] To the extent that RFP No. 38 seeks production of Privilege Log No. 14, it is DENIED without prejudice for the reasons stated *supra*. It is granted in all other respects.

negligently fail to comply with a protective order or otherwise carelessly divulge information subject to that order is wholly without merit. Furthermore, this issue was previously litigated – adversely to defendant Cherniss and non-party CDCR - and no convincing justification for its renewal was offered at the hearing.[2]

In light of the foregoing, plaintiff is entitled to recover the reasonable expenses he incurred in bringing his motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A) (If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). Accordingly, within fourteen days from the date this order is filed, plaintiff's counsel shall submit a declaration detailing the expenses incurred in litigating the relevant motion to compel. Counsel for defendant Cherniss and non-party CDCR may submit a response to that declaration fourteen days thereafter. Plaintiff's counsel may have the final word and submit a reply seven days after that.

## CONCLUSION

Accordingly, it is ORDERED that:

1. Plaintiff's motion to compel (ECF No. 263) is GRANTED in part as articulated by this order;
2. The request to seal (ECF No. 269) is DENIED as MOOT; and
3. Reasonable expenses incurred in making the motion, including attorney's fees are warranted. The parties shall submit the relevant filings in accordance with the schedule detailed *supra*.

DATED: November 15, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court previously found that the terms of the protective order governing the handling of the type information at issue was adequate to protect that information.

4