UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN, | No. 2:11-cv-0042-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| C. CHERNISS, et al., | |
| Defendants. | |

Background

Thomas Heilman ("plaintiff") filed a motion to compel on September 19, 2018. ECF No. 246. In the relevant joint statement, he argued that third-party California Department of Corrections and Rehabilitation's ("CDCR") objections to production were baseless and, consequently, he was entitled to attorney's fees associated with preparing the motion to compel. ECF No. 264 at 6-8. Specifically, plaintiff took issue with CDCR's invocation of objections based on state law, the official information privilege, and its assertions that plaintiff's counsel could not be trusted to abide by a protective order that had previously been agreed to. *Id.* On November 7, 2018, the court held a hearing on the motion and, on November 15, 2018 it issued a written order in which it concluded that, pursuant to Fed. R. Civ. P. 37[1], plaintiff was entitled to

---

[1] If a motion to compel is granted a court must, pursuant to Federal Rule of Civil Procedure 37(a)(5), "after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless

1

recover reasonable expenses in bringing the motion to compel. ECF No. 272 at 3-4. CDCR subsequently filed a motion for reconsideration (ECF No. 276), which was denied by the district judge. ECF No. 283. The question of award amount was left to the court's discretion. *Id.* Thus, the question before this court is the amount of fees for which plaintiff's counsel is entitled.

Plaintiff's counsel filed a declaration detailing the hours expended in litigating the motion and their hourly rates for matters litigated in federal courts. Four attorneys and one paralegal worked on the motion:

- Eliot D. Williams is a partner with nineteen years of experience litigating cases in federal court; his hourly rate is $895.
- Jason R. German is a senior associate with seven years of experience litigating cases in federal court; his hourly rate is $745.
- Amy K. Liang is an associate with five years of experience litigating cases in federal court; her hourly rate is $655.
- Jake W. Gallau is a first-year associate who has "worked on multiple civil cases in federal court;" his hourly rate is $405.
- Larissa Soboleva is a senior paralegal with fourteen years of experience in civil federal litigation; her hourly rate is $305.

ECF No. 277 at 2. Counsel represents that the foregoing rates are those which plaintiff, were he a fee-paying client (he is being represented pro-bono), would have been billed by Baker Botts. *Id.* The court notes that all of the foregoing attorneys hail from the Palo Alto office of Baker Botts and these rates appear to pertain to that market. Based on the hours expended and the foregoing rates, plaintiff's counsel seek an award of $52,585. *Id.* at 4.

<u>Lodestar Calculation</u>

The "lodestar" method is the customary method for determining fees in this circuit. A proper lodestar calculation requires a court to "start by determining how many hours were

---

the court finds that: (1) the movant failed to confer in good faith prior to filing the motion; (2) the opposing party's objections were substantially justified; or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

reasonably expended . . . and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

I. <u>Rate</u>

The Prison Litigation Reform Act ("PLRA") alters the lodestar calculation. For the purposes of deciding the award at issue, the most relevant alteration is that the hourly rate used as a basis for the fee award is limited to 150 percent of the hourly rate used to pay counsel appointed under the Criminal Justice Act (henceforth the "PLRA rate"). 42 U.S.C. § 1997e(d)(3). This limitation applies to attorney's fees arising from under Rule 37. *Webb v. Ada County*, 285 F.3d 829, 837 (9th Cir. 2002). The court recognizes that plaintiff's counsel disagrees as to the applicability of the PLRA limitations insofar as the award at bar is against a third party rather than, as was the case in *Webb*, a defendant. ECF No. 285 at 2. The rationales articulated by the court in *Webb* for applying the PLRA's limitations to recovery of fees under Rule 37 seem applicable here, however. In *Webb*, the court noted that "Webb's contempt and discovery motions were directly related to his § 1983 cause of action." *Webb*, 25 F.3d at 837. That directness of applicability is found here. *Webb* also cited "[c]ongress' desire to reduce the costs of [prisoner] lawsuits would not be furthered by awarding attorney's fees piecemeal . . . ." *Id.* That rationale would seem to apply with equal measure to instances where an award goes against a third party rather than a defendant. As CDCR's counsel points out, the relevant PLRA rate is currently $210 – 150 percent of Criminal Justice Act rate of $140.[2] ECF No. 282 at 3; ECF No. 282-1 at 5. Thus, that will be the rate used in the lodestar calculation.

/////

/////

/////

---

[2] With respect to paralegal fees, the Ninth Circuit has interpreted the PLRA to permit an award based on hourly rates up to, but not exceeding, the rate cap set for attorneys. *See Perez v. Cate*, 632 F.3d 553, 557-58 (9th Cir. 2011). In its reply, CDCR does not offer a separate rate it deems more appropriate for Ms. Soboleva. Thus, the court will use the $210 rate in calculating any hours it deems she reasonably expended on the motion.

3

## II. Hours Reasonably Expended

Plaintiff's counsel represents the following as to hours expended:

| Purpose | Hours |
|---|---|
| Research related to CDCR's Initial Responses | 5.2 (J. German 1.2; J. Gallau 4) |
| Review, identification of deficiencies, and drafting of a letter to CDCR based on initial responses | 5.6 (J. German) |
| Follow up with CDCR's counsel regarding aforementioned letter by way of e-mail | 1.6 hours (J. German) |
| Review of additional discovery responses from CDCR (served after the initial responses). Counsel relates that these responses were each accompanied by "a production, a privilege log, and at least one supporting declaration." ECF No. 277 at 3. | 8.2 hours (J. German 6.9; J. Gallau 1.3) |
| Research for joint statement | 4.4 hours (J. Gallau) |
| Drafting joint statement; reviewing and collecting relevant portions of the case record in support of join statement | 37.9 hours (J. German 23.7; A. Liang 4; J. Gallau 10.2) |
| Post-reception of CDCR's portion of joint statement, counsel finalized its own motion and exhibits, filed them, and prepared delivery of the court's copies | 3.5 hours (L. Soboleva) |
| Preparation for November 7, 2018 hearing on motion to compel[3] | 10.3 hours (J. German) |

---

[3] Preparation time for the hearing was actually 15.4 hours; travel time was 5 hours; and 1.4 hours were spent at the courthouse. Two motions were litigated in this case on November 7,

4

| Travel to and from November 7, 2018 hearing | 3.3 hours (J. German) |
|---|---|
| Time at court for November 7, 2018 hearing | .93 hours (J. German) |
| Five team meetings from August 18, 2018 to November 7, 2018 to discuss case strategy and activities – including the motion to compel at issue | Uncertain – counsel represents that it incurred $2,024 in fees as a result of these meetings and arrives at this figure by "[u]sing the ratio of (1) the time spent litigating the motion to compel from August 18, 2018 (the date of Plaintiff's letter to CDCR [concerning deficiencies in the initial responses] to the November 7 hearing **over** (2) the overall time spent on this case between those dates . . . ." (emphasis added) ECF No. 277 at 4. |

CDCR challenges the reasonableness of the expended hours. Specifically, it argues that: (1) plaintiff's declaration is insufficient insofar as it is not accompanied by time records or billing entries and the descriptions of activities are insufficiently detailed to allow meaningful review; (2) time spent reviewing CDCR's responses (and accompanying privilege logs and declarations) is not compensable insofar as counsel would have been required to do this regardless of the motion to compel; (3) hours requested for preparing the joint statement and preparing for the hearing are excessive; and (4) plaintiff's request for fees based on team meetings is insufficiently supported. The court will address each of these arguments.

First, the court finds the entries in the declaration to be sufficiently detailed. As plaintiff points out in his reply, "counsel . . . is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures." *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983). The declaration meets that

/////

---

2018, however, and counsel represents that the one at issue in this fee award was more involved and, thus, uses a 2/3 multiplier each of these hour entries.

5

standard insofar as it plainly explains – with one exception (to be discussed below) – how many hours were expended on each relevant matter.

Second, the court largely rejects CDCR's argument that the time spent reviewing its responses, privilege logs, and declarations should not be compensable. As plaintiff points out in his reply, the CDCR's privilege logs and declarations (which were served after plaintiff's counsel notified CDCR of the deficiencies in its responses) were provided in the service of meritless objections. ECF No. 285 at 7-8. The court does note that 5.6 hours (as documented *supra*) were spent "reviewing CDCR's responses, identifying deficiencies in them, and drafting the letter." ECF No. 277 at 3. Identification of deficiencies in the initial responses and the drafting of a letter explaining those deficiencies would not have been necessary (or possible) if the responses had not contained those deficiencies in the first instance. The court does, however, agree with CDCR that regardless of the content of its responses, plaintiff's counsel would have been required to review them. The current billing does not parse between review, identification of deficiencies, and letter drafting. Thus, the court will exercise its discretion and reduce the 5.6 hour number to 4.5 – a reduction of approximately twenty percent. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (affirming district court's authority to reduce block-billed hours by 10 to 30 percent).

Third, the court agrees in part with CDCR's contention that the hours requested for preparing the joint statement and preparing for the hearing are excessive. "The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The court finds that the number of hours – 37.9 – spent drafting the joint statement (and reviewing and collecting relevant portions of the case record in support of the same) is reasonable. As plaintiff points out, the motion to compel litigated thirteen items, was accompanied by twenty exhibits, and included deposition transcripts and evidence drawn from a lengthy period of discovery. For its part, CDCR argues that it required only 24.25 hours by a single attorney to brief its half of the joint statement. ECF No. 282 at 7. But an opposing counsel's billing records – while potentially relevant to a determination of hours – are not

6

dispositive. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). The discrepancy here – especially given the disparity in strength between the parties' arguments – does not render the hour request unreasonable.

The court does, however, agree that 10.3 hours spent preparing for a hearing on this motion is excessive.[4] Unlike preparation of the joint statement – which reasonably required review and collection of various parts of the case record – preparation for the hearing should have been relatively straightforward. The parties' arguments were set out previously in the joint statement and the rationales advanced by defendants and CDCR were neither complex nor persuasive. Thus, the court finds it appropriate to reduce the award by approximately half – to 5.3 hours. In reaching this figure, the court notes that CDCR's counsel represents that he spent 2.75 hours to prepare for the hearing. ECF No. 282 at 7. While plaintiff was successful and CDCR was not, that disparity in outcomes is still accounted for in the gap between 5.3 and 2.75 hours. In any event, regardless of the hours spent by CDCR's counsel, preparation for the hearing could have been adequately accomplished within 5.3 hours and the court finds that 5.3 hours were reasonably and necessarily expended for that purpose.

Finally, the court agrees with CDCR that the team meetings are insufficiently supported and declines to award fees for the five team meetings occurring between August 18 and November 7, 2018. The lack of specificity in this billing makes a lodestar calculation at the correct rate impossible. That same lack of specificity also makes it impossible to discern how much meeting time was actually related to the motion at issue here.

III. Lodestar Number

Plaintiff's counsel pegs its number of hours expended at 80.93 (not including the team meeting fees). As explained *supra*, the court finds it appropriate to reduce that number by 6.1 hours. The hours expended is, thus, 74.83. When multiplied by the PLRA rate, plaintiff's counsel is entitled to $15,714.30 (74.83 x 210).

---

[4] CDCR erroneously states that plaintiff's counsel spent 15.4 hours preparing for the hearing. ECF No. 282 at 6. This figure does not account for the 2/3 multiplier used by plaintiff's counsel which reduces the hour number to 10.3.

### IV. Lodestar Enhancement

Plaintiff's counsel argues that, even if the PLRA rate applies, this court should enhance the lodestar number with a multiplier. This circuit has determined that enhancement of the lodestar figure in PLRA cases is permitted in appropriate circumstances. *See Kelly v. Wengler*, 822 F.3d 1085, 1100 (9th Cir. 2016). *Kelly* instructed:

> A court first determines the lodestar figure by multiplying the hours reasonably expended by a reasonable hourly rate; it then determines whether to adjust that figure upward or downward. . . . There is nothing in the attorney's fees provisions of the PLRA that instructs a court not to take both steps in this process.

*Id.* In considering the propriety of an enhancement, a court must look to factors – articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975) - which are not subsumed in the lodestar figure. *See Morales v. City of San Rafael*, 96 F.3d 359, 363-364 (9th Cir. 1996). The non-subsumed factors include:

> (5) the customary fee, . . . (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* at 364 n.9. It is the fee applicant who bears the burden of proving that a fee enhancement is warranted, and it must produce "specific evidence" supporting the award. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010).

The enhancement question presents a close call. The experience, reputation, and ability of plaintiff's counsel – Baker Botts is a well-regarded international law firm – cuts in their favor. The discrepancy between the rates advanced in their declaration (for private clients) and the rates they are entitled to recover under the PLRA underscores this fact. And the realities of prisoner litigation make this category of cases undesirable to most attorneys. *See Woods v. Carey*, 722 F.3d 1177, 1182 n. 5 (9th Cir. 2013) (noting that "out of the 55,376 prisoner suits that ended in 2000, only 10.5% went to trial, and of those, a total of 77 resulted in victories for the prisoner. . . . That is a success rate of 0.1% of the total number of suits filed a victory rate of 13% for those prisoner suits ending in trial."); *see also Farrar v. Hobby*, 506 U.S. 103, 114-15 (1992) (courts

may award little to no attorney's fees in civil rights actions where a claimant fails to recoup significant damages).

The other factors identified above do not weigh in favor of an enhancement, however, and plaintiff's counsel does not base its argument upon them. Rather, in addition to arguing undesirability, plaintiff's counsel contends that: (1) failing to apply a multiplier would result in insufficient deterrence of discovery abuses like the ones at bar; and (2) the exceptional performance rendered by counsel in litigating this issue merits a multiplier. The court is unconvinced by the first argument. CDCR stands to pay more than fifteen thousand dollars for its conduct in relation to this motion. It is true, as plaintiff suggests, that CDCR is "a large and sophisticated entity." ECF No. 285 at 3. But forfeiting thousands of dollars in attorney's fees should be sufficient to discourage repeat offenses from all but the wealthiest and most stubborn actors (and perhaps even those, if they are represented by conscientious counsel). With regard to the second point, the court agrees that plaintiff's counsel has admirably represented the client's interests. Nevertheless, the legal issues raised by this motion were not complex and the results were not "extraordinary" or "exceptional" insofar as they were pre-ordained. As the court noted at the hearing, it was the CDCR's reliance on frivolous objections – that had previously been litigated, no less – that warranted plaintiff's near total victory on his motion to compel and the attorney's fees now being awarded.

<u>Conclusion</u>

Accordingly, it is ORDERED that plaintiff's counsel is awarded $15,714.30 in fees.

DATED: January 18, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9